IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROBERT CHARLES CARR | § | |
| v. | § | CIVIL ACTION NO. 6:08cv12 |
| T.J. BAYNHAM, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Robert Charles Carr, proceeding *pro se*, filed this lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. Carr sues attorney T.J. Baynham, the law firm of Keeney, Baynham, & Jerrel, Baynham's legal assistant Virginia Warren, and the complainant in Carr's criminal case.

In his complaint, Carr says that the Defendants were responsible for legal malpractice and falsely accusing him of a crime, indecency with a child by contact, which he did not commit. He says that Baynham performed ineffectively as defense counsel by failing to conduct an independent investigation, interview any witnesses, interview the accuser after being informed by Carr that she would recant, did not inform Carr of the consequences of pleading guilty to a sex crime, did not inform Carr that the trial court had granted him permission to appeal, used scare tactics and coercion to induce a plea of guilty, and gave Carr misleading information pertinent to the background and character of the accuser.

Carr goes on to say that Virginia Warren was aware of Baynham's incompetence and was "a cohesive unit" with Baynham in his defense, that the law firm is responsible for the effectiveness

1

and conduct of its partners and allowed Baynham to defend him incompetently, and that the complainant lied about most of the things which occurred between her and Carr.

The on-line records of the Smith County judiciary show that Carr was convicted of indecency with a child by sexual contact on February 6, 2003, receiving a sentence of seven years in prison. He has sought habeas corpus relief from the Texas Court of Criminal Appeals, but this was denied.

The Magistrate Judge initially issued a Report recommending that the lawsuit be dismissed under Heck v. Humphrey, 114 S.Ct. 2364 (1994), in which the Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or sentence, or for other harm caused by actions which would render a conviction or sentence invalid, a Section 1983 plaintiff had to show that the conviction or sentence had been reversed on appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question through the issuance of a federal writ of habeas corpus.  The Magistrate Judge stated that Carr's pleadings made clear that a judgment in his favor would necessarily imply the invalidity of his confinement, and so recommended that the lawsuit be dismissed until the Heck conditions were met.

Carr filed objections to this Report, saying that he was not seeking to overturn his conviction, but is seeking damages for ineffective counsel.  More importantly, Carr also stated that he did not file his lawsuit against a governmental entity, but private individuals employed to represent a client in a criminal proceeding, and so Heck should not apply.  A review of Carr's pleadings shows that his lawsuit was brought against private individuals and that his claims are set out as "defamation of character and legal malpractice."

The Magistrate Judge then withdrew the original Report and issued a new one on March 5, 2008.  This Report stated that Carr's claims are torts under state law and do not invoke federal jurisdiction.  Furthermore, the Report observed that defense attorneys are not state actors and thus are not amenable to suit under Section 1983 in any event.  Finally, the Report stated that Carr had not shown a basis for invoking the supplemental jurisdiction of the Court because all of the matters which he raises concern state and not federal law.  The Magistrate Judge therefore recommended that

Carr's lawsuit be dismissed with prejudice as to its refiling in federal court, but without prejudice as to any claims which Carr may raise in the courts or administrative processes of the State of Texas, and that such portion of the statute of limitations as may exist be suspended for a period of 30 days after the date of entry of final judgment, as set out in the supplemental jurisdiction statute, 28 U.S.C. §1367.

Carr filed objections to the Magistrate Judge's Report on March 19, 2008. In these objections, Carr again says that he is not trying to have his conviction overturned, but is seeking damages against the Defendants. He says that Baynham committed legal malpractice and violated the Sixth Amendment; Carr insists that the Sixth Amendment provides a basis for federal jurisdiction. He says that if he had filed in state court, the Defendants would remove it to federal court, and asserts that he has evidence to prove his claims. Carr also asks that the complainant be dropped from the lawsuit, saying that he will commence his action against her once she recants her accusations. Carr asks that the Court allow him to proceed with his lawsuit in order to present his evidence in a trial by jury, where he can prove that Baynham was ineffective and committed legal malpractice, and to prove that Warren and the law firm are equally responsible for Baynham's negligence.

Carr's objections are creative but unavailing. The Sixth Amendment does not afford a private right of action against defense counsel, whether retained or court-appointed. *See, e.g.*, McCurvin v. Law Offices of Koffsky and Walkley, slip op. no. A.3:98cv182 (D.Conn., Jan. 27, 2003) (unpublished) (available on WESTLAW at 2003 WL 223428) (rejecting claim of ineffective assistance of counsel under the Sixth Amendment because of the lack of state action by the defendant attorney). In Polk County v. Dodson, 454 U.S. 312, 325 (1981), the Supreme Court rejected a Section 1983 lawsuit against a public defender because the defender was not acting under color of state law. While Carr categorizes his lawsuit as being brought under the Sixth Amendment, it is in effect a claim under Section 1983, the Civil Rights Act, because that Act serves as the vehicle for enforcing constitutional rights elsewhere conferred. Baker v. McCollan, 443 U.S. 137, 144 n.3

(1979). Carr does not have a private right to bring a civil lawsuit directly under the Sixth Amendment, and so must proceed through Section 1983. *See, e.g.*, <u>Azul-Pacifico Inc. v. Los Angeles</u>, 973 F.2d 704, 705 (95th Cir. 1992). Consequently, he must show that the defendants acted under color of state law, which he has failed to do. Carr's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous as to its refiling in federal court, but without prejudice as to any claims which Carr may assert in the courts or through the administrative processes of State of Texas. This dismissal is also without prejudice as to Carr's right to challenge the legality of his conviction by any lawful means, including but not limited to state or federal applications for the writ of habeas corpus. It is further

ORDERED that the statute of limitations be and hereby is SUSPENDED from the date of the filing of this lawsuit until thirty days after the date of entry of final judgment; however, this tolling of the limitations period shall apply only to any portion of the limitations period which still remained as of the date of the filing of the lawsuit. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 9th day of April, 2008.**



LEONARD DAVIS
UNITED STATES DISTRICT JUDGE